# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARSIAL R. GARCIA,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-20-1309-R |
| | ) | |
| **S. YOUNG, Warden of the** | ) | |
| **Federal Transfer Center, Bureau** | ) | |
| **of Prisons,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a federal inmate appearing pro se, filed this action pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Gary Purcell for preliminary review. On January 25, 2021, Judge Purcell issued a Report and Recommendation wherein he recommended that the Petition be construed as an action pursuant to *Bivens v Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and be dismissed for failure to state a claim. The record reflects that Petitioner has not objected to the Report and Recommendation within the time limits prescribed therein, nor has he sought an extension of time in which to object. The Court declines, however, to adopt the Report and Recommendation to the extent it recommends conversion of the petition to a complaint under *Bivens*. Rather, the Court construes the motion as filed by Petitioner and dismisses the Petition because Mr. Garcia is no longer incarcerated at the Federal Transfer Center, having been relocated to Beaumont Low-FCI, which is in Texas.[1]

---

[1] Petitioner filed a Notice of Change of Address in his criminal case, CR-13-191-F on January 11, 2021. He did not file a similar change form in this case.

"The federal habeas statute straightforwardly provides ... the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. "The consistent use of the definite article in reference to the custodian indicates ... there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting 28 U.S.C. § 2242).

It is critical that Petitioner ascertain the proper respondent because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). Additionally, "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the [C]ourt issuing the writ have jurisdiction over the custodian.'" *Id*. (*quoting Braden*, 410 U.S. at 495). Petitioner is now in the custody of the warden at Beaumont-FCI Low, not the custody of Respondent Young of the Federal Transfer Center in Oklahoma City. Because the Court lacks jurisdiction over the warden of Beaumont, the Court lacks jurisdiction to entertain Mr. Garcia's petition. The Court could transfer the Petition to the Eastern District of Texas; however, it appears that Petitioner has already filed a § 2241 in that District addressing the same issues. *See Garcia v. Garrido*, Case No. CIV-21-52-TH-ZJH (E.D. Tex.). Accordingly, transfer is not warranted.

For the reasons set forth herein, the Petition is DISMISSED.

**IT IS SO ORDERED** this 24th day of February 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE